FEARN, DONEGAN & CO. v. L. MALTBY & CO.

Until the thing sold is delivered to the buyer, the seller is obliged to guard it as a faithful adminis-
trator. C. C. 2448. But where the buyer's agent places the thing purchased in an exposed con-
dition and it is damaged, the purchaser cannot recover.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*Mott* and *Frayser*, for plaintiffs. *Hamner* and *Hays*, for defendants and
appellants.

OGDEN, J. The defendants purchased from the plaintiffs a crop of sugar, to
be delivered at the plantation of *Dr. Webb*, the owner, on the Bayou Lafourche.
They sent their clerk to the plantation to have the sugar weighed, and
instructed him not to have more of the sugar taken out of the warehouse than
could be covered, as they did not wish it to get wet, and were uncertain when
a boat could be sent for it. The sugar was weighed; a receipt given for it;

and the whole lot was hauled from the sugar-house to the side of the bayou, where part of it was stored in a warehouse, and there not being room enough for all, a portion was left on the river bank, where it was injured by exposure to the rain; and the question is, upon whom the loss should fall. The seller was bound to guard the sugar as a faithful administrator until its delivery (Art. 2443 of the Civil Code); and it would have been his duty to keep the sugar housed until the delivery to the steamboat, if the defendant's agent had not undertaken himself to have it removed to the river bank. To excuse himself for the violation of his principal's instructions, and justify his leaving the sugar in that condition, the agent says that *Dr. Webb* told him he did not believe there was any danger of rains, and that he wanted to get the sugar out of the sugar-house, and would protect it from the weather if necessary. On the other hand, *Dr. Webb's* overseer testifies that it was proposed to the defendant's agent to have all the sugar that could not be stored at the river bank, either left in the sugar-house or hauled to a work-shop near, but that the agent preferred having it placed on the levee to be ready for the boat. The boat did not call for it for four or five days, and there being much rain in the mean time, the sugar was necessarily exposed to the loss and damage suffered. It having been placed in this exposed condition by the act of the agent of defendants, to whom it belonged and upon whom it depended how long it should remain there, the injury must be considered as arising from the want of due care and precaution on the part of their agent, who, without sufficient reason, departed from his instructions. We are not satisfied from the evidence, that there was any such gross neglect on the part of the vendor as to render him liable for the loss; he may have supposed there would be no rain, and advised that it would be safe to leave the sugar on the bank, but did not take the risk on himself. In the conflict of testimony, it is uncertain what advice may have been given by the seller to defendant's agent, but it is certain that the defendant's agent was not required or forced to take the sugar from the sugar-house until a boat could be sent for it, and that his voluntarily doing so, gave rise to the loss. We cannot, therefore, consider the damage to the sugar imputable to want of care of the vendor.

Judgment of the court below is therefore affirmed, with costs.